KRATZER CURED LUMBER COMPANY *v.* TOWN OF MOORHEAD.

[80 South. 4, Division A.]

MUNICIPAL CORPORATIONS. *Ordinances. Reasonableness. Question of fact. Instructions.*

Where, on the trial of an issue of reasonableness or unreasonableness, of a town ordinance extending the town limits, the testimony taken as a whole, shows no material contradiction and conclusively established the reasonableness of the ordinance, a peremptory instruction for the city is proper.

APPEAL from the circuit court of Sunflower county. HON. H. H. ELMORE, Judge.

Proceeding by the Kratzer Cured Lumber Company against the town of Moorhead to set aside an ordinance extending the corporate limits. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Moody & Williams,* for appellant.

*Chapman & Johnson,* for appellee.

HOLDEN, J., delivered the opinion of the court.

From an ordinance adopted by the town of Moorhead, extending its corporate limits, the appellant, Kraetzer Cured Lumber Company, prosecuted an appeal to the circuit court of Sunflower county, as provided in section 3303, Code of 1906 (section 5799, Hemingway's Code), and there appellant, as plaintiff, tendered the issue that the ordinance appealed from was not reasonable, and on that issue judgment was rendered in favor of the town, appellee here.

A reversal of the judgment is urged on the ground that the lower court erred in granting a peremptory instruction to the jury to find for the appellee on the facts submitted in evidence. It is contended that the question as to whether the ordinance was reasonable or unreasonable was for the jury to decide, and not for the court. We have examined all the testimony offered by both sides in the lower court, and have reached the conclusion that, taking it as a whole, there are no material contradictions and it conclusively shows that the ordinance was reasonable. Therefore there was no question of fact, as to reasonableness or unreasonableness of the ordinance, to be submitted to the jury, and the action of the circuit judge in granting the peremptory instruction was correct. We can see no difference in the rule of procedure with reference to the granting of a peremptory instruction in a case of this kind than any other case, where from all the proof it appears manifest and conclusive, after allowing all reasonable inferences to be drawn from the testimony, that there is no question of fact for the jury to determine.

*Affirmed.*